IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-67-BO

| | | |
|---|---|---|
| GREGORY W. BUNTING, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| DEPARTMENT OF THE NAVY, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on defendant's motion to dismiss for lack of jurisdiction. [DE 19]. For the reasons discussed below, the motion is denied without prejudice and plaintiff is granted leave to amend his complaint.

## DISCUSSION

Plaintiff Gregory Bunting, proceeding *pro se*, brought this Federal Tort Claims Act ("FTCA") action against the Department of the Navy seeking to recover for various health conditions and injuries caused by exposure to contaminated water when he lived at the Marine Corps Base Camp Lejeune as a baby. Defendant moves to dismiss the complaint for lack of subject-matter jurisdiction. Defendant contends, among other things, that plaintiff has failed to name the proper defendant in his complaint. Specifically, defendant has named the Department of the Navy as the defendant, not the United States. "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998); *see also Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965) (federal agencies may not be sued under the FTCA).

Plaintiff has responded in opposition to defendant's motion. *Pro se* plaintiffs are entitled to have their filings construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court construes plaintiff's opposition as a request for leave to amend his complaint. Leave to amend a pleading should be freely given and denied only when amendment would be prejudicial to the opposing party, when there has been bad faith, or when amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted). There are no allegations of bad faith against plaintiff. Nor has defendant demonstrated that it would be prejudiced with an amended complaint or that amendment would be futile. Conversely, plaintiff would be severely prejudiced if not given the opportunity to file an amended complaint that properly names the United States of America as the defendant as it would result in dismissal of his case. Leave to amend is therefore proper.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 19] is DENIED WITHOUT PREJUDICE. Mr. Bunting is directed to file an amended complaint that names the United States of America as the sole defendant by July 10, 2020. Defendant may refile its motion to dismiss against the amended complaint.

SO ORDERED, this _15_ day of June, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE