IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-cv-67-BO

| | | |
|---|---|---|
| GREGORY WAYNE BUNTING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). [DE 29]. For the reasons discussed below, defendant's motion is DENIED.

BACKGROUND

Plaintiff's parents lived at Camp LeJeune in Jacksonville, North Carolina from 1958–62. [DE 26]. Plaintiff was born in 1960 at Camp Lejeune with a dimple in his spine. *Id.* While living there, he and his parents used the facility's water supply for drinking and hygiene. *Id.* At age seven, he began to lose motor function as well as bladder and bowel control. *Id.* He was taken to Jackson Memorial Hospital in Miami, Florida and was diagnosed with spina bifida. *Id.* As a result, plaintiff has undergone two back surgeries, multiple surgeries on both feet, and multiple surgeries on his bladder. *Id.* He has had his left kidney removed, his right foot amputated, and his left knee and hip replaced. *Id.* Plaintiff anticipates needing additional surgeries in the future,

---

[1] This Order amends the Court's previous orders to reflect the updated caption of plaintiff's amended complaint.

particularly on his right knee and hip. *Id.* Plaintiff filed this action for alleged negligent storage and disposal of contaminated waste, and he seeks compensation for his spinal bifida.

Defendant now moves to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Defendant makes two arguments for why this Court lacks jurisdiction. First, defendant argues that the basis for plaintiff's claims—the contamination of the water at Camp Lejeune—fall within the Federal Tort Claim Act's (FTCA) discretionary function exception. Second, defendant argues that plaintiff's claims are barred by the applicable ten-year North Carolina statute of repose, N.C. Gen. Stat. § 1-52(16).

## DISCUSSION

The government advances two arguments in support of this motion to dismiss pursuant to Rule 12(b)(1). First, the government argues that plaintiff failed to file an administrative claim within the FTCA's statute of limitations. Second, the government argues that any acts or omissions with regard to environmental contamination at Camp Lejeune fall within the discretionary function exception to the FTCA's waiver of sovereign immunity.

The FTCA waives sovereign immunity for claims against the United States based on the torts of federal employees committed within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2671–2680. Before a plaintiff may bring suit under the FTCA, he must first exhaust his administrative remedies by presenting his claim to the appropriate federal agency. § 2675(a). In addition, the FTCA's waiver of immunity does not extend to claims based upon the performance of a discretionary function or duty. § 2680(a). These features of the FTCA implicate the Court's subject-matter jurisdiction and cannot be waived. *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995) (holding that there is no subject-matter jurisdiction when the

2

discretionary function exception applies); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) ("It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived.").

Timeliness

The government claims that § 1-52(16) bars all tort actions filed more than ten years after a defendant's alleged culpable conduct. Under the FTCA, the substantive law of the state where the negligence occurred governs the substantive law of the state. *See* 28 U.S.C. § 1346(b)(1) (stating that liability under FTCA is to be determined "in accordance with the law of the place where the act or omission occurred"); *see also Iodice v. United States*, 289 F.3d 270, 274 (4th Cir. 2002) ("In this federal tort claims action, arising out of events occurring in North Carolina, the law of that state controls."). "A state's statute of repose is considered substantive law[] and would apply in an action under the FTCA." *Jones v. United States*, 751 F. Supp. 2d 835, 836 (E.D.N.C. 2010); *In re Camp Lejeune N.C. Water Contamination Litig.*, 263 F. Supp. 3d 1318, 1332 (N.D. Ga. 2016) (citing *Christie v. Hartley Constr., Inc.*, 367 N.C. 534 (2014); *Boudreau v. Baughman*, 322 N.C. 331, 341 (1988)). Here, plaintiff did not file within ten years of being diagnosed with spinal bifida.

However, a 2014 amendment excepted from the ten-year statute of repose those actions "caused or contributed to by . . . the consumption, exposure, or use of water supplied from groundwater contaminated by a hazardous substance, pollutant, or contaminant." N.C. Gen. Stat. Ann. § 130A-26.3. This amendment, Session Law 2017-17, is titled "An Act Clarifying that Certain Civil Actions Relating to Groundwater Contamination Are Not Subject to the Ten-Year Statute of Repose Set Forth in G.S. 1-52," and the title of a law provides evidence of legislative intent. *See Smith Chapel Baptist Church v. City of Durham*, 350 N.C. 805, 812 (explaining that

3

even when the text of a statute is plain, "the title of an act should be considered in ascertaining the intent of the legislature"). The legislature also found that "there was ambiguity and uncertainty regarding the effect of federal law on the North Carolina statute of repose in certain environmental cases" and that "it never intended the statute of repose in G.S. 1-52(16) to apply to claims for latent disease caused or contributed to by groundwater contamination, or to claims for any latent harm caused or contributed to by groundwater contamination." N.C. Sess. L. 2014-44, § 1. Finally, the General Assembly expressly made the amendment applicable retroactively. Based on these facts, the Court finds that this amendment clarified the scope of the statute of repose, rather than altered it. Because this amendment clarified the scope of the statute of repose, it applies retroactively. *See Ray v. N.C. Dep't of Transp.*, 366 N.C. 1, 9 (2012) (stating that clarifying amendments apply "to all cases brought after their effective dates"). Plaintiff's claim falls into the groundwater contamination exception from the statute of limitations and is therefore not barred by the ten-year statute of limitations.

Discretionary Function Exception

Defendant's second argument for dismissal is that the contamination of drinking water at Camp Lejeune, and the government's conduct with respect to investigation and remediation, were "discretionary functions" under 28 U.S.C. § 2680(a). "Government conduct is protected by the discretionary function exception if it 'involves an element of judgment or choice,' and 'implicates considerations of public policy.'" *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 858 (4th Cir. 2016) (quoting *Berkovitz v. United States*, 486 U.S. 531 (1988)). In applying the FTCA's discretionary function exception, a court must first determine "whether any federal statute, regulation, or policy specifically prescribes a course of action." *Id.* If not, a court must then consider whether the government's conduct "is of the kind that the discretionary function

4

exception was designed to shield." *Berkovitz*, 486 U.S. at 536. This inquiry focuses on the "nature of the actions taken and . . . whether they are susceptible to policy analysis." *Seaside Farm*, 842 F.3d at 858 (quoting *United States v. Gaubert*, 499 U.S. 315, 325 (1991)).

The Court finds that on either step of the analysis, plaintiff's claims fall outside of the discretionary function exception.

a. Specific and mandatory government conduct.

Plaintiff alleges defendant negligent installed, maintained, and stored contaminated waste by negligently dumping contamination into the water supply and causing contamination to leak into the water supply. The Court finds that a sufficiently specific provision governed defendant's conduct with respect to permitting hazardous chemicals to exist in the water supply.

"It is elementary that the discretionary function exception does not immunize the government from liability for actions proscribed by federal statute or regulation." *Limone v. United States*, 579 F.3d 79, 101 (1st Cir. 2009). In this case, defendant transgressed a clear, specific prohibition. At all relevant times, defendant was bound by a provision from a 1957 Manual of Naval Preventative Medicine which states that "refuse, in any form, should not be disposed of where it may pollute surface or underground waters which are eventually to be used as drinking water."

The Manual of Naval Preventative Medicine provision proscribes a specific course of conduct—namely, disposing of refuse where it may pollute surface or underground waters which are eventually to be used as drinking water. This prohibition does not distinguish between chemicals intentionally or negligently introduced. Indeed, the prohibition specifically accounts for refuse in any form. This indicates that it was meant to proscribe any conduct that would cause the introduction of harmful chemicals into the water supply in a manner which would permit

5

them to reach the consumer. As alleged in the complaint, defendant transgressed this prohibition by causing or permitting harmful chemicals to exist in the Camp Lejeune water supply.

The fact that the prohibition in this case was mandatory sets it apart from the groundwater contamination arising from the Army's waste management practices connected to biological weapons development at Fort Detrick, at issue in *Pieper v. United States*, 713 F. App'x 137 (4th Cir. 2017) (affirming the district court on its reasoning and summarizing with approval *Waverley View Inv'rs, LLC v. United States*, 79 F. Supp. 3d 563 (D. Md. 2015)). In that case, the plaintiff attempted to rely on an Executive Order and regulations which were "neither mandatory nor specific enough" to be binding. *Id.* at 140. Not only was the proscription in this case mandatory, but it was also sufficiently specific because it told government actors precisely what was prohibited—disposing of refuse where it could contaminate water later used for drinking. The Manual then identifies other ways for disposing of refuse. In the context of proscriptive commands, a requirement for further specificity would place an insurmountable burden on plaintiffs because it would require plaintiffs to show that the government had mandatory instructions about how to *not* do something. Such instructions are unlikely, if ever, to exist. The instruction here is sufficiently specific.

b. Susceptibility to policy analysis

Even if the Manual of Naval Preventative Medicine provision did not exist, plaintiff's claims would not fall within the discretionary function exception because the challenged government action is not "the kind that the discretionary function exception was designed to shield." *Berkovitz*, 486 U.S. at 536. This inquiry looks to whether the government's conduct is susceptible to policy analysis. *Seaside Farm*, 842 F.3d at 858. The purpose of this step in the discretionary function analysis is to prevent second-guessing of government actions based on

6

policy, understanding that government actors must weigh various policy considerations and make judgments. *See Berkovitz,* at 536–37; *Seaside Farm,* 842 F.3d at 860.

However, in *Rich*, the Fourth Circuit embraced the idea that in cases of government inattention and carelessness, no policy considerations are implicated, and thus, the discretionary function exception does not apply. 811 F.3d at 147 (citing *Coulthurst v. United States*, 214 F.3d 106 (2d Cir. 2000)). The Court finds that this is one of those cases.

Plaintiff's complaint challenges a sequence of governmental inattention and recklessness with respect to the water supply at Camp Lejeune. Plaintiff contends defendant negligent installed, maintained, and stored contaminated waste by negligently dumping contamination into the water supply and causing contamination to leak into the water supply. In his reply to the government's motion to dismiss, plaintiff alleges that defendant failed to warn residents of the contaminations. Plaintiff's challenge is not a challenge to an affirmative chemical waste disposal decision by the government, like was at issue in *Pieper*. Rather, plaintiff challenges a decades-long failure by defendant, after contaminating the water supply at Camp Lejeune, to take any steps to protect and warn servicemembers and their families. There are simply no policy considerations to balance or weigh in defendant's failure to provide uncontaminated water at Camp Lejeune over a period of several decades.

This sequence of neglect is different in kind from the premises liability argument in *Wood v. United States*, 845 F.3d 123 (4th Cir. 2017), where a civilian law enforcement officer argued that the Navy negligently maintained landing mats at a training facility which the Navy had permitted local law enforcement to use for training exercises. As part of the training exercise, the plaintiff jumped onto mats from two stories high. *Id.* at 126. When she landed, two mats separated and she fell through the gap onto the ground, suffering disabling injuries. In its

discretionary function analysis, the court determined that "the Navy's first-order decision of whether to allow civilian use of its bases at all is shielded by the discretionary function exception." *Id.* at 130. In further examining the Navy's program to allow civilian use of its facilities, the court explained that the various guidance documents gave officers discretion to implement a civilian-use program at the lowest cost possible. Here, the proscription of the Manual of Naval Preventative Medicine was that no refuse be disposed of where it could contaminate water that would later be used for drinking. The proscription is not qualified for other factors such as cost. In any case, a single instance of negligence with respect to the permissive use of a training facility is of a wholly different nature than what is at issue here. Plaintiff's allegations of decades-long neglect do not involve policy considerations. *See Rich*, 811 F.3d at 147.

The Court holds that plaintiff's claims fall outside of the FTCA's discretionary function exception and that the Court has subject-matter jurisdiction over plaintiff's case.

CONCLUSION

For the forgoing reasons, defendant's motion to dismiss [DE 29] is DENIED.

SO ORDERED, this the __10__ day of November, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE